# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jean Kidd,

        Plaintiff,

vs.

Alex Jackson, Chief of the Minneapolis
Fire Department (individually and in his
official capacity), and the City of
Minneapolis,

        Defendants.

Court File No.:  10-cv-4112 (MJD/SRN)

DEFENDANTS' ANSWER TO
COMPLAINT

JURY TRIAL DEMANDED

_____

Defendants for their Answer to the Complaint of Plaintiff state and allege as follows:  Unless Admitted, denied, or otherwise pled below, Defendants deny each and every allegation contained in the Complaint.  Defendants:

## NATURE OF CLAIM

1.     Admit the allegations set forth in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.     Admit the allegations set forth in paragraph 2 of the Complaint.

## PARTIES

3.     Admit, upon information and belief, the allegations set forth in paragraph 3 of the Complaint.

4.     Admit the allegations set forth in paragraph 4 of the Complaint.

5.     Admit the allegations set forth in paragraph 5 of the Complaint.

## FACTS

6.      Admit the allegations set forth in paragraph 6 of the Complaint.

7.      Admit the allegations set forth in paragraph 7 of the Complaint.

8.      Deny that the Plaintiff has satisfactorily performed all her job duties since 1986; admit the remaining allegations set forth in paragraph 8 of the Complaint.

9.      Admit that in 2007, Plaintiff became, by appointment, the MFD's Deputy Chief of Personnel; deny the remaining allegations set forth in paragraph 9 of the Complaint.

10.     Admit that in 2007, Plaintiffs was selected as one of three finalists for the vacant position of Chief of the MFD; admit that the Defendant Jackson was selected for the position; deny the remaining allegations set forth in paragraph 10 of the Complaint.

11.     Admit that in May 2008, a female firefighter, Kristina Lemon ("Lemon"), filed a lawsuit against Defendant Minneapolis alleging unlawful retaliatory treatment and discrimination; admit that the lawsuit related to allegations of sexual discrimination and harassment against Defendant Minneapolis and its former Chief, Bonnie Bleskachek ("Bleskachek"); deny the remaining allegations set forth in paragraph 11 of the Complaint.

12.     Admit that on January 7, 2009, Plaintiff gave a deposition in Lemon's Lawsuit; admit that Plaintiff testified that she provided some support to Lemon during her lawsuit; deny the allegations set forth in paragraph 12 (b) of the Complaint; admit that Plaintiff testified that she had no reason to believe that Lemon was not trustworthy;

admit that the initial denial of Lemon's workers' compensation claim was part of the alleged retaliation claim made by Lemon, deny the remaining allegations set forth in paragraph 12 (d) of the Complaint; admit that Plaintiff testified in her deposition regarding some experiences with gender discrimination earlier in her career, deny the remaining allegations set forth in paragraph 12 (e) of the Complaint.

13.     Admit that Plaintiff's deposition testimony was governed by court rules, state that the Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 13 of the Complaint.

14.     Admit that Plaintiff received a performance review on the date specified from her immediate superior Assistant Chief Penn which noted, in part, that she met or exceeded all expectations; deny the remaining allegations of paragraph 14 of the Complaint.

15.     Deny that Plaintiff was deemed to be insubordinate solely for contacting someone outside her chain of command; admit the remaining allegations set forth in paragraph 15 of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint.

17.     Admit the allegations set forth in paragraph 17 of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint.

21.     Admit the allegations set forth in paragraph 21 of the Complaint.

22.     Admit that DRI provided their report to Defendant Jackson in June 2009 which contained anonymous written comments, deny the remaining allegations set forth in paragraph 22 of the Complaint.

23.     Admit that Plaintiff and Defendant Jackson had worked together for two years in the fire department administration; deny the remaining allegations set forth in paragraph 23 of the Complaint.

24.     Admit that Defendant Jackson "un-appointed" Plaintiff from her appointed position as Deputy Chief of Personnel on June 30, 2009 without any formal "warning"; state that Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that such un-appointment was unexpected by Plaintiff; deny the remaining allegations set forth in paragraph 24 of the Complaint.

25.     Admit that the Defendants had never communicated to Plaintiff that she was viewed as being unhappy in her position or unable to work well with others and that her performance review stated, in part, that she worked well with others; deny the remaining allegations set forth in paragraph 25 of the Complaint.

26.     Admit the allegations set forth in paragraph 26 of the Complaint.

27.     Admit the allegations set forth in paragraph 27 of the Complaint.

28.     Deny the allegations set forth in paragraph 28 of the Complaint.

29.     Admit that on July 21, 2010 Defendant City of Minneapolis determined that Plaintiff did not violate the Respect in the Workplace Policy but that her comments were inappropriate and evidenced poor judgment; deny the remaining allegations set forth in paragraph 29 of the Complaint.

30.     Deny the allegations set forth in paragraph 30 of the Complaint.

31.     Deny the allegations set forth in paragraph 32 of the Complaint.

## COUNT ONE

### Deprivation of Civil Rights under Color of Law, 42 U.S.C. § 1983

32.     The allegations set forth in paragraph 32 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

33.     Admit the allegations of paragraph 33 of the Complaint.

34.     Admit that Defendant Minneapolis is a political subdivision of the State of Minnesota; deny the remaining allegations set forth in paragraph 34 of the Complaint.

### Violation of Plaintiff's First Amendment Right to Speak on Matters of Public Concern

35.     Admit the allegations of paragraph 35 of the Complaint.

36.     Admit that Plaintiff's bringing of this lawsuit is not part of her job duties or description; deny the remaining allegations set forth in paragraph 36 of the Complaint.

37.     Deny the allegations set forth in paragraph 37 of the Complaint.

38.     Admit that Plaintiff's participation in the survey was not part of her job duties or description; deny the remaining allegations set forth in paragraph 38 of the Complaint.

39.     Deny the allegations set forth in paragraph 39 of the Complaint.

40.     Deny the allegations set forth in paragraph 40 of the Complaint.

41.     Deny the allegations set forth in paragraph 41 of the Complaint.

## COUNT TWO

### Deprivation of Civil Rights under Color of Law, 42 U.S.C. § 1983

42.     The allegations set forth in paragraph 42 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

43.     Admit the allegations of paragraph 43 of the Complaint.

44.     Admit that Defendant Minneapolis is a political subdivision of the State of Minnesota; deny the remaining allegations set forth in paragraph 44 of the Complaint.

### Violation of Plaintiff's Right to Equal Protection under the Fourteenth Amendment

45.     Admit the allegations of paragraph 45 of the Complaint.

46.     Admit the allegations of paragraph 46 of the Complaint.

47.     Deny the allegations set forth in paragraph 47 of the Complaint.

48.     Deny the allegations set forth in paragraph 48 of the Complaint.

49.     Deny the allegations set forth in paragraph 49 of the Complaint.

50.     Deny the allegations set forth in paragraph 50 of the Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Complaint.

52.     Deny the allegations set forth in paragraph 52 of the Complaint.

**COUNT THREE**

**Reprisal – Minnesota Human Rights Act**

53.     The allegations set forth in paragraph 53 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

54.     Deny the allegations set forth in paragraph 54 of the Complaint.

55.     Deny the allegations set forth in paragraph 55 of the Complaint.

**COUNT FOUR**

**Retaliation – Title VII**

56.     The allegations set forth in paragraph 56 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

57.     Deny the allegations set forth in paragraph 57 of the Complaint.

58.     Deny the allegations set forth in paragraph 58 of the Complaint.

**AFFIRMATIVE DEFENSES**

1.     The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.     Defendants allege affirmatively that they are entitled to qualified immunity from any liability in this action.

3.     Defendants allege affirmatively that they are immune from liability in this action under the provisions of Minn. Stat. §466.03, subd. 5, in that Plaintiff's claims are claims based upon an act or omission of an officer or employee, exercising due care in the execution of a valid or invalid statute, charter, ordinance, resolution or rule.

4.     Defendants allege affirmatively that they are immune from liability in this

action under the provisions of Minn. Stat. § 466.03, subd. 6, in that Plaintiff's claims are based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

5.      Defendants allege affirmatively that they have immunity in this action under the common law doctrine of official immunity.

6.      Defendants allege affirmatively that liability is limited by Minn. Stat. §466.04.

7.      Defendant City of Minneapolis alleges that it is a municipality and therefore is immune from liability for punitive damages.

8.      The policies and procedures used by Defendants with regard to the Plaintiff are both fair in form and operation.

9.      Defendants' decisions regarding Plaintiff were based upon nondiscriminatory, nonretaliatory, legitimate and common reasons.

10.     Defendant denies that Plaintiff has any right to attorney's fees in this action.

11.     Plaintiff's claims are barred by the applicable statutes of limitations.

12.     Defendant City of Minneapolis alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. Section 1983 which are based upon the concept of *respondeat superior*.

13.     Defendant City of Minneapolis alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. Section 1983 which are based upon the concept of *respondeat superior*.

**WHEREFORE**, Defendant prays for an Order of this Court as follows:

a.      Dismissing the Plaintiff's Complaint on its merits and with prejudice.

b.      Awarding Defendants all its costs and disbursements as allowed by law, including reasonable attorney's fees.

c.      For such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Defendants hereby demand a trial by jury on all issues properly triable thereby.

Dated:  October 20, 2010                SUSAN L. SEGAL
                                        City Attorney
                                        By

                                        s/Timothy S. Skarda

                                        TIMOTHY S. SKARDA (10176X)
                                        JOEL M. FUSSY (0294184)
                                        Assistant City Attorneys
                                        Attorneys for Defendants
                                        350 South 5th Street, Room 210
                                        Minneapolis, MN 55415
                                        (612) 673-2553