UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jean Kidd,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Alex Jackson, Chief of the Minneapolis Fire Department (individually and in his official capacity),<br><br>　　　　　Defendant. | Case No. 10-cv-4112 (SRN/SER)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Andrew P. Muller, Muller & Muller, PLLC, 3109 West 50th Street Suite 362, Minneapolis, MN 55410-2102; John A. Klassen, John A. Klassen, PA,10 South 5th Street Suite 700, Minneapolis, MN 55402; and Thomas J. Conley, Law Office of Thomas J. Conley, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Plaintiff.

Andrea Kloehn Naef, Joel M. Fussy, Timothy S. Skarda, Minneapolis City Attorney's Office, 350 South 5th Street Room 210, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.　　INTRODUCTION

Before the Court are Motions in Limine filed by Plaintiff Jean Kidd on October 29, 2012. (Doc. Nos. 52, 54.) Plaintiff seeks to exclude evidence of alleged misconduct by her in May 2010 and any allegations of misconduct or poor performance by her predating her unappointment from Deputy Chief of Personnel on June 30, 2009. (Id.) Also before the Court is a Motion in Limine filed by Defendant Alex Jackson, former Chief of the Minneapolis Fire Department, to exclude evidence of a lawsuit filed by Firefighter Kristina Lemon against the City of Minneapolis. (Doc. No. 65.) For the reasons that follow, the

Court grants the Motions in part and denies them as moot in part.

      **A.**    **Plaintiff's Motion to Exclude Evidence of Alleged Misconduct in May 2010**

Plaintiff moves the Court to bar the admission of alleged misconduct by her in May 2010. (Doc. No. 52.) Plaintiff anticipates that Defendant may attempt to present evidence that she was the subject of an internal investigation involving an alleged breach of the Respect in the Workplace policy of the Minneapolis Fire Department. (Pl.'s Mem. in Supp. of Mot. in Limine to Exclude Evidence of Alleged Misconduct, Doc. No. 53, at p. 1.) Defendant filed a response to Plaintiff's Motion, stating that he "does not intend to introduce evidence regarding the 2010 Respect in the Workplace investigation, and therefore does not oppose Plaintiff's motion." (Def.'s Resp. to Pl.'s Mot. in Limine to Exclude Evid. of Alleged Misconduct, Doc. No. 68, at p. 1.) Accordingly, the Court denies as moot Plaintiff's Motion to Exclude evidence of the City of Minneapolis Fire Department's May 2010 Respect in the Workplace Investigation of Plaintiff.

      **B.**    **Plaintiff's Motion to Exclude Evidence of Alleged Past Misconduct or Poor Performance**

Plaintiff also moves the Court for an order to exclude evidence of any alleged past misconduct or poor performance while working at the Minneapolis Fire Department. (Doc. No. 54.) Plaintiff argues that evidence of any past misconduct or poor performance is inadmissible under Federal Rules of Evidence 401, 403, and 801. Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." In determining whether evidence is relevant, the Court looks first to what must be

proven at trial and then asks whether the evidence in question tends to support or refute one of those issues.  <u>United States v. McCorkle</u>, 688 F.3d 518, 521 (8th Cir. 2012).  Rule 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Additionally, Rule 801 provides that "hearsay means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

Plaintiff argues that any evidence that she was a poor performer or engaged in misconduct prior to her demotion is irrelevant and prejudicial.  (Pl.'s Mem. of Law in Supp. of Mot. in Limine to Exclude Evidence of Alleged Past Misconduct or Poor Performance, Doc. No. 55, at p. 1.)  Plaintiff claims that the Defendant has stated that her demotion was not related to job performance or discipline, but rather was based on a decision to "change the chemistry of his team."  (<u>Id.</u> at p. 2.)  Plaintiff claims that "there is no documentary or testimonial evidence that Plaintiff was demoted for poor performance" and her performance evaluation "twelve days before her demotion was solidly positive."  (<u>Id.</u> at p. 3.)

Defendant responds that while Plaintiff is correct that she was not demoted for "performance deficiencies," she was demoted because Defendant "wanted to improve the chemistry of his administrative team."  (Def.'s Opp'n to Pl.'s Mot. in Limine to Exclude Evidence of Alleged Past Misconduct or Poor Performance, Doc. No. 67, at p. 1.)  Defendant claims that although Plaintiff "had received satisfactory performance evaluations," her performance evaluations also included statements that she "had a tendency

3

to stray into other's areas of responsibility" and "she . . . express[es] displeasure and aggravation when she feels her ideas aren't taken into consideration." (Id. at p. 2.) Defendant argues that "[o]ne of the key issues that the jury will decide is why [Defendant] un-appointed Plaintiff" and therefore statements made in her performance evaluations are relevant to the disposition of this action. (Id. at p. 3.)

At the final pretrial conference held before the Court on December 14, 2012, the parties narrowed this dispute to six exhibits—Defense Exhibits 4, 6, 9–10, and 13–14—and three potential witnesses—Chief John Fruetel, Captain Jennie S. Kawaters, and Elizabeth Toal. Counsel for Defendant suggested that the appropriate way to proceed at trial regarding Plaintiff's Motion is to have Defendant testify first regarding the reasons he decided to un-appoint Plaintiff and then decide whether it is necessary for the other witnesses to testify. The Court agrees with this approach and will therefore defer ruling on whether Chief John Fruetel, Captain Jennie S. Kawaters, and Elizabeth Toal can testify at trial until after hearing Defendant's testimony. Depending upon his testimony, the testimony of these witnesses may be cumulative or possibly not relevant to the question of what Defendant meant by improving the "chemistry" of his team.

Moreover, following the final pretrial conference, the Court reviewed the six exhibits at issue in this Motion and determined that they are inadmissible for the reasons stated below:

- **Defense Exhibit 4:** Defense Exhibit 4 is an undated copy of a coaching program report conducted by DRI Consulting. The document discusses the writer's opinions regarding areas that the Plaintiff should develop in her leadership style. The document does not contain any foundational information about when, how, or why the report was created. Additionally, there is no indication that Defendant relied on

4

Exhibit 4 when making his decision to un-appoint Plaintiff. The Court determines that Exhibit 4 contains impermissible opinion testimony and statements made by an out of court declarant for the truth of the matter asserted and is therefore inadmissible hearsay evidence. The Court also finds that Exhibit 4 is unduly prejudicial in that it contains no foundational evidence and it is unclear from whom DRI Consulting obtained information when creating the document. Therefore, the Court determines that Defense Exhibit 4 is not admissible at trial.

- **Defense Exhibit 6:** Defense Exhibit 6 is a "Coaching and Development" document dated April 6, 2009 prepared by Assistant Chief Cherie A. Penn regarding an incident where Plaintiff "contacted someone outside her chain of command for information to use unapproved vacation time." Defense Exhibit 6 provides a performance action plan and follow up dates regarding Plaintiff's "insubordination." Defendants have provided no foundational evidence to demonstrate that Defendant relied on this document when making his decision to un-appoint Plaintiff. Defense Exhibit 6 is also likely not relevant under Rule 401 and unduly prejudicial under Rule 403 as it does not relate to Plaintiff's ability to function in a team setting. Additionally, Defense Exhibit 6 would constitute improper hearsay evidence if Defendant attempts to discuss its contents as he did not create the document. Accordingly, the Court determines that Defense Exhibit 6 is not admissible.

- **Defense Exhibit 9:** Defense Exhibit 9 is an e-mail from Elizabeth Toal, a Human Resources Senior Consultant, to Pamela French regarding Plaintiff's unappointment. Defense Exhibit 9 was created after Defendant decided to un-appoint Plaintiff and therefore is certainly not relevant under Rule 401 to Defendant's rationale for unappointing Plaintiff. Moreover, Defense Exhibit 9 has little probative value under Rule 403 as Ms. Toal notes that she was merely speculating as to Chief Jackson's decision to unappoint Plaintiff. Specifically, Ms. Toal states: "I do not want to speculate on the Chief's final decision to un-appoint [Plaintiff.] From my experience, I would say that my interactions with [Plaintiff] were cool and some what [sic] threatening in most cases." Moreover, to the extent Chief Jackson testifies to the contents of the e-mail, it would constitute improper hearsay evidence under Rule 801. The Court therefore determines that Defense Exhibit 9 is not admissible under Rules 401, 403, and 801.

- **Defense Exhibit 10:** Defense Exhibit 10 is a document written by Assistant Chief Cherie Penn on November 5, 2008 regarding an instance where Minneapolis Fire Department employees believed Plaintiff was disrespectful to Defendant. Defense Exhibit 10 does not state that the discussions between Plaintiff and Penn were relayed to Defendant. Additionally, Defense Exhibit 10 was written on November 5, 2008—almost eight months before Defendant unappointed Plaintiff. The Court determines that Defense Exhibit 10 is likely not relevant to the question of why Defendant unappointed Plaintiff. Moreover, the document itself contains

5

inadmissible hearsay. As such, the Court finds that Defense Exhibit 10 is inadmissible.

- **Defense Exhibit 13:** Defense Exhibit 13 is an "Employee Warning Notice" provided to Plaintiff on December 11, 2001. Defense Exhibit 13 states that Plaintiff "disobeyed an order from Deputy Chief Rodger to provide information pertinent to an active complaint and investigation" and "failed to prove the facts surrounding alleged harassing materials found in a station while on duty and in a supervisors capacity." The Court determines that Exhibit 13 is inadmissible. First, Exhibit 13 was created almost eight years prior to when Defendant unappointed plaintiff from her position making it likely not probative in this case. Indeed, counsel for Defendant noted at the final pretrial hearing that they were unsure whether Defendant had ever viewed Defense Exhibit 13, let alone relied on in deciding to un-appoint Plaintiff. Moreover, Exhibit 13 does not discuss Plaintiff's ability to work as a team member making it irrelevant under Rule 401. Finally, the document is itself inadmissible hearsay under Rule 801.

- **Defense Exhibit 14:** Defense Exhibit 14 is a compilation of documents regarding an incident where Plaintiff was punished for violating the Minneapolis Fire Departments Rules in April 2003. Specifically, Plaintiff was accused of "being discourteous and disrespectful to another employee" and for "insubordination." At the final pretrial conference, Defense counsel argued that while this incident occurred in 2003, it was within Defendant's knowledge when he decided to un-appoint Plaintiff in June 2009. The Court will await Defendant's testimony in this regard. The document itself is inadmissible hearsay.

Accordingly, the Court finds that Defense Exhibits 4, 6, 9–10, and 13–14 are inadmissible under Rules 401, 403, and 801. The Court defers ruling on whether Chief John Fruetel, Captain Jennie S. Kawaters, and Elizabeth Toal may testify at trial until after Defendant's testimony. The Court also notes that it would be prudent for counsel to be cautious and measured in their opening statements about what evidence will be shown at trial based on the Court's rulings in this Order.

> C. **Defendant's Motion to Exclude Evidence Related to <u>Lemon v. City of Minneapolis</u>, No. 27-cv-08-11976 (Minn. Dist. Ct.)**

Defendant moves for an order from the Court prohibiting Plaintiff from introducing

evidence about the trial, testimony, and findings in the lawsuit of Firefighter Kristina Lemon against the City of Minneapolis. (Doc. No. 65.) At the final pretrial conference held before the Court on December 14, 2012, Plaintiff stated that she would not introduce evidence from Lemon's lawsuit at trial and therefore did not oppose Defendant's Motion. Accordingly, the Court denies as moot Defendant's Motion to Exclude Evidence Related to Lemon v. City of Minneapolis, No. 27-cv-08-11976 (Minn. Dist. Ct.).

## II.    ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Bar the Admission of Alleged Misconduct by Plaintiff in May 2010 (Doc. No. 52.) is **DENIED AS MOOT**.

2. Plaintiff's Motion to Exclude Evidence of Any Alleged Past Misconduct or Poor Performance while working at the Minneapolis Fire Department (Doc. No. 54) is **GRANTED IN PART**. The Court **GRANTS** Plaintiff's request to exclude Defense Exhibits 4, 6, 9–10, and 13–14 under Federal Rules of Evidence 401, 403, and 801. The Court **DEFERS** ruling on whether Chief John Fruetel, Captain Jennie S. Kawaters, and Elizabeth Toal may testify at trial until after Defendant's testimony.

3. Defendant's Motion Prohibiting Plaintiff from Introducing Evidence About the Trial, Testimony, and Findings in the Lawsuit of Firefighter Kristina Lemon Against the City of Minneapolis (Doc. No. 65) is **DENIED AS MOOT**.

Dated: December 17, 2012                              s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge